**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK EDWARD VANZANT
ADC #137057**                                                                                                                     **PLAINTIFF**

V.                              No. 5:10CV00364 BSM-BD

**K.D. STARKS,** *et al.*                                                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Background

Mark Edward Vanzant, an Arkansas Department of Correction ("ADC") inmate, filed this action claiming that Defendants Starks, Rana, Waddle, Langley, Glover, Tate, and Outlaw violated his Eighth Amendment rights by subjecting him to inhumane conditions while he was housed in punitive isolation.

Defendants have moved for summary judgment. (Docket entry #93) Mr. Vanzant has not responded to the motion, and the time for doing so has expired. For the reasons set forth below, the Defendants' motion (#93) should be GRANTED.

## III.   Discussion

### A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552. If the moving party meets this burden, the nonmoving party must respond by coming forward with specific

facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When the nonmoving party cannot present sufficient facts to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 447 U.S. at 322–23, 106 S.Ct. at 2552.

B.     Exhaustion

Before a prisoner can file a lawsuit under 42 U.S.C. § 1983, he must first exhaust all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). An inmate's subjective beliefs are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

If an inmate fails to fully exhaust his administrative remedies prior to filing suit, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). That is not the case here.

Based on the undisputed evidence, Mr. Vanzant has fully exhausted four grievances – CU-10-00937, CU-10-02664, CU-10-02665, and CU-10-02683. (#93-1 at pp.2-6)  Of these four grievances, however, Mr. Vanzant fully exhausted only grievance CU-10-00837 prior to filing this lawsuit.  (#93-1 at p.2)

In grievance CU-10-00837, Mr. Vanzant complains that in July 2010, he was served undercooked, cold fish for lunch on one occasion.  (#93-3 at p.1)  He does not identify any of the named Defendants in that grievance; nor does Mr. Vanzant complain about the conditions of his confinement in punitive isolation in grievance CU-10-00837.

Mr. Vanzant has failed to come forward with any evidence to rebut the Defendants' evidence showing that he did not fully exhaust his constitutional claims.  Nor has he argued or provided evidence that he was prohibited from pursuing his administrative remedies.  The undisputed evidence shows that Mr. Vanzant did not fully exhaust his administrative remedies with regard to the claims raised in this lawsuit.  For that reason, his claims must be dismissed, without prejudice.

IV.   **Conclusion**

The Court recommends that the Defendants' motion for summary judgment (#93) be GRANTED, and that Mr. Vanzant's claims be DISMISSED, without prejudice, this 22nd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE